Benjamin Galdston, California State Bar No. 211114
OMNUM LAW APC
4350 Executive Drive, Suite 350
San Diego, CA 92121
Tel.: (858) 539-9767
Email: bgaldston@omnumlaw.com

Paolo C. Meireles, Florida State Bar No. 91551*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Tel.: (561) 447-8888
Fax: (561) 447-8831
Email: pmeirels@shavitzlaw.com

*Attorneys for Plaintiff and Others Similarly Situated*
*application for admission pro hac vice forthcoming

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGINA BAUTISTA, individually and on behalf of all others similarly situated,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**WFG NATIONAL TITLE INSURANCE COMPANY and WILLISTON FINANCIAL GROUP, LLC,**<br><br>   **Defendants.** | **Case No.: 23-cv-5837**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND OTHER RELIEF**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);**<br><br>**(2) Failure to Pay Overtime Compensation in Violation of California Labor Law (Lab. Code §§ 510, 1194, & 1198 and Cal. IWC Wage Order No. 4-2001);**<br><br>**(3) Willful Failure to Timely Pay Wages in Violation of California Labor Law (Lab. Code §§ 201, 202 & 203);**<br><br>**(4) Failure to Provide Itemized Wage Statements in Violation of California Labor Law (Lab. Code §§ 226(a), 226.3, & 1174(d));**<br><br>**(5) Failure to Afford Employees Meal and Rest Periods in Violation of California Labor Law (Lab. Code §§226.7 & 512 and Cal. IWC Wage Order No. 4-2001);** |

(6) **Failure to Reimburse Necessary Work Related Expenditures in Violation of California Labor Law (Lab. Code § 2802 and Cal. IWC Wage Order No. 4-2001); and**

(7) **Violation of California Business and Professions Code § 17200,** *et seq.*

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiff Georgina Bautista ("Plaintiff"), on behalf of herself and all others similarly situated, brings this collective and class against Defendants WFG National Title Insurance Company and Williston Financial Group, LLC (collectively, "Defendants" or "WFG"). Plaintiff, individually and on behalf of all others similarly situated, by her attorneys, allege, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. This is a putative collective and class action to recover overtime wages and other wages owed under federal and state laws by WFG.

2. Plaintiff brings the federal claim pursuant to, and alleging violations of, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, on behalf of herself and a putative nationwide collective consisting of all current and former non-exempt classified Escrow Officers, regardless of exact title (collectively, "Escrow Officers"), who suffered damages as a result of WFG's violations of the FLSA at any time within the three-year limitations, period as tolled,[1] measured from January 24, 2019 through entry of judgment in this matter (collectively, "Collective Members").

3. Plaintiff also brings the state law claims as a putative class action on behalf of herself and all current and former Escrow Officers who worked for Defendants in California, who suffered damages as a result of WFG's violation of California Law at any time within the four-year limitations, period as

---

[1] The parties entered into a tolling agreement tolling the statute of limitations for the collective and class claims asserted herein effective January 24, 2022.

tolled, measured from January 24, 2018 through entry of judgment in this matter (collectively, "Class Members").

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, 1367, and 29 U.S.C. §§ 201, *et. seq*.

5. Defendants are subject to personal jurisdiction in California as corporations doing business in California, including in this District.

6. Venue is proper in the United States District Court, Northern District of California because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

*Plaintiff Georgina Bautista*

7. Plaintiff Georgina Bautista was, at all relevant times, an adult individual residing in California.

8. During all relevant times, Plaintiff Bautista was employed by Defendants as an Escrow Officer in San Jose, CA.

9. Plaintiff Bautista's written consent to join this action is attached hereto as **Exhibit A**.

*Defendants Williston Financial Group, LLC and WFG National Title Insurance Company*

10. Defendant Williston Financial Group, LLC is a corporation organized and existing under the laws of Delaware, with its corporate headquarters in Portland, Oregon, and doing business in California, including in San Jose, CA within this District.

11. Defendant WFG National Title Insurance Company is a wholly owned subsidiary of Defendant Williston Financial Group, LLC. WFG National Title Insurance Company is organized and existing under the laws of South Carolina, with its corporate headquarters in Portland, Oregon, and doing business in California, including San Jose, CA within this District.

12. Defendant WFG National Title Insurance Company is a national title insurance company licensed and operating in 49 states and the District of Columbia, with over 75 locations in California, Colorado, Oregon, Nevada Texas and Washington, including in this District.

13. At all times relevant, Defendants have been employers within the meaning of the FLSA and California wage and hour law, including Wage Order 4.

14. Defendants directly and/or jointly employed Plaintiff and others similarly situated as Escrow Officers.

15. At all times relevant, Defendants, either directly or jointly, maintained control, direction and oversight over Plaintiff and Collective and Class Members, including timekeeping, payroll and other employment practices that applied to them.

16. Defendants play an active role in the employment and working conditions of Plaintiff and Collective and Class Members. Thus, Defendants operate as an integrated enterprise such that both Defendants may be considered Plaintiff's and the Collective and Class Members' employer and/or joint employer.

17. Defendants share a corporate headquarters at 12909 SW 68th Pkwy Ste 350 Portland, OR 97223.

18. Both Defendants have access to the personnel records of Plaintiff and Collective and Class Members.

19. Defendants' offer letters of employment issued to Collective and Class Members, including Plaintiff, describing the terms and conditions under which they are employed. Those letters provide how Collective and Class Members will be compensated and their rate of pay, the benefits they will receive, and mandate they will be bound by all company policies and procedures, such as those identified herein. Defendants' offer letters notes that Defendant Williston Financial Group, LLC provides benefits to Plaintiff and Collective and Class Members, including medical coverage, dental coverage, life insurance benefits, disability benefits, and eligibility to participate in a corporate 401k retirement plan.

20. Defendant Williston Financial Group, LLC creates and disseminates a uniform Employee Handbook applicable to all employees, including Plaintiff and the Collective and Class Members. The Employee Handbook contains uniform policies created by Defendant Williston Financial Group, LLC and applicable to all employees, including Plaintiff and Collective and Class Members, such as employee

evaluation policies, confidentiality policies, discipline policies, payroll and hours of operation policies, time keeping and attendance policies, overtime pay policies, and employee benefit policies, among others.

21. Upon information and belief, Defendants share a corporate Human Resource office providing service to Defendants' employees, including Plaintiff and the Collective and Class Members, utilizing the "hr@willistonfinancial.com" e-mail address for communications with employees. Defendants' Career Website, https://wfgtitle.com/careers/ (last viewed November 13, 2023).

22. Defendants individually and/or jointly directed the work of Collective and Class Members, including Plaintiffs, and benefited from work performed that they suffered or permitted from them.

23. At all relevant times, each Defendant's annual gross volume of sales made or business done was not less than $500,000.

## **COMMON FACTUAL ALLEGATIONS**

24. Plaintiff and Collective and Class Members are current or former Escrow Officers employed by WFG.

25. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and Collective and Class Members to work in excess of 40 hours per workweek and/or eight hours in a day without paying them overtime wages for all overtime hours worked.

26. Plaintiff and Collective and Class Members regularly and consistently work in excess of 40 hours per workweek and/or eight hours in a day without receiving overtime compensation as required by the FLSA and California wage and hour law, in order to meet the demands of their jobs.

27. Defendants failed to keep accurate records of all hours worked by Plaintiff and Collective and Class Members.

28. Pursuant to Defendants' policy, pattern, or practice, Defendants did not pay Plaintiff and Collective and Class Members proper overtime wages based on an appropriate regular rate for hours they worked for Defendants' benefit in excess of 40 hours in a workweek and/or eight hours in a day.

29. Pursuant to Defendants' policy, pattern, or practice, Defendants failed to properly calculate in the appropriate regular rate of pay inclusive of non-discretionary commissions, bonuses, and/or other earnings, in determining the appropriate overtime rate of pay, meal and rest break penalty pay, and sick time, PTO, vacation, and holiday pay allocations.

30. Defendants assigned and/or directed the work of Plaintiff and Collective and Class Members, were aware of the work they performed, and benefited from work performed that it suffered or permitted from Plaintiff and Collective and Class Members.

31. The work performed by the Plaintiff and Collective and Class Members constitutes compensable work time under the FLSA and California wage and hour law and was not preliminary, postliminary, or *de minimus*.

32. Plaintiff and Collective and Class Members primary duties included handling loan paperwork related to escrow and preparing escrow statements.

33. The primary duties that Plaintiff and Collective and Class members regularly performed were overtime wage non-exempt in nature.

34. Plaintiff and Collective and Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

35. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all Escrow Officers, including Plaintiff and Collective and Class Members as non-exempt from coverage of the overtime provisions of the FLSA and California wage and hour law, however Defendants did not pay Escrow Officers at an overtime rate for all hours worked over 40 per week and, as to Class Members, eight hours in a day.

36. Defendants' unlawful conduct has been widespread, repeated, and consistent.

37. Defendants are aware, or should have been aware, that the FLSA and California wage and hour law require it to pay Plaintiff and Collective and Class Members an overtime premium for hours worked in excess of 40 hours per workweek and, as to Class Members, eight hours in a day.

38. Defendants' failure to pay overtime wages for work performed by Plaintiff and Collective and Class Members in excess of 40 hours per workweek and, as to Class Members eight hours in a day, was willful.

39. Defendants have intentionally, willfully, and regularly violated the FLSA and California wage and hour law with respect to the Plaintiff and Collective and Class Members which policy, pattern, or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters. This policy, pattern, or practice includes but is not limited to:

  a. willfully failing to record all of the time the Plaintiff and Collective and Class Members worked for Defendants' benefit;

  b. willfully failing to keep accurate time and pay records as required by the FLSA and California wage and hour law;

  c. willfully failing to credit Plaintiff and Collective and Class Members for all hours worked including overtime hours, consistent with the requirements of the FLSA and California wage and hour law, including failing to properly calculate overtime wages due based on an appropriate regular rate under applicable law;

  d. willfully failing to pay Plaintiff and Collective and Class Members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek and/or eight hours in a day;

  e. failing to pay Class Members all wages due upon termination;

  f. failing to provide meal and rest breaks to Class Members pursuant to California wage and hour law

  g. failing to provide lawfully complaint meal and rest break penalties at an appropriate rate to Class Members pursuant to California wage and hour law; and

  h. failing to reimburse the work-related expenses of Class Members, including, but not limited to, charges they incurred for work-related purposes on their mobile phones, home internet and personal computing equipment.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings FLSA overtime claims on behalf of herself and all similarly situated employees of Defendants as authorized by the FLSA, 29 U.S.C. § 216(b). The proposed FLSA collective is defined as:

> All current and former non-exempt classified Escrow Officers, regardless of exact title (collectively, "Escrow Officers"), who suffered damages as a result of WFG's violations of the FLSA at any time within the three-year limitations, period as tolled,[2] measuring back to January 24, 2019 through entry of judgment in this matter (collectively, "Collective Members").

41.     Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for overtime hours worked.

42.     There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' business records.

43.     Defendants are jointly and severally liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.

## CALIFORNIA CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on behalf of herself and as a class action on behalf of a putative class of similarly situated employees of Defendants. The California Class is defined as:

> All current and former Escrow Officers who worked for Defendants in California, who suffered damages as a result of WFG's violation of California Law at any time within the four-year limitations, period as tolled, measuring back to January 24, 2018 through entry of judgment in this matter (collectively, "Class Members").

45.     This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

46.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of Class Members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are more than fifty (50) Class Members.

---

[2] The parties entered into a tolling agreement tolling the statute of limitations for the collective and class claims asserted herein effective January 24, 2022.

7
COLLECTIVE AND CLASS ACTION COMPLAINT

47. This litigation is properly brought as a class action because of the existence of questions of fact and law common among Plaintiff and other Class Members which predominate over any questions affecting only individual members, including:

- Whether Defendants are liable to members of the class described above for violations of the applicable California labor code provisions;
- Whether Defendants improperly calculated the regular rate for purposes of overtime payments to Class Members;
- Whether Defendants knowingly and intentionally failed to provide accurate wage statements;
- Whether Defendants willfully failed to timely pay wages;
- Whether Defendants failed to provide itemized wage statements;
- Whether Defendants failed to afford meal and rest periods;
- Whether Defendants failed to reimburse for necessary work related expenditures; and
- Whether Defendants engaged in unfair competition.

48. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the Class Members, since all such claims arise from Defendants' standard policies and practices.

49. Like all class members, Plaintiff was damaged by Defendants' company-wide policies and practices in violation of California law.

50. Plaintiff has no interests antagonistic to the interests of other Class Members.

51. Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation involving claims for violations of state labor laws.

52. A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

53. Class certification is also fair and efficient because prosecution of separate actions by individual Class Members would create a risk of differing adjudications with respect to such individual

members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable California Labor Code provisions of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendants' business records.

54. Plaintiff intends to send notice to the California Class to the extent permitted by Fed. R. Civ. P. 23(c).

**FIRST CLAIM FOR RELIEF**
**(Overtime, Fair Labor Standards Act)**
**Brought on Behalf of Plaintiff and Collective Members**

55. Plaintiff and Collective Members reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

56. Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective and Class Action Complaint.

57. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

58. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendants.

59. At all relevant times, Plaintiff and Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

61. At all times relevant, Plaintiff and Collective Members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

62. Defendants failed to pay Plaintiff and similarly situated Collective Members the overtime wages to which they were entitled under the FLSA, at a rate of not less than one and one half their appropriate regular rate of pay inclusive of non-discretionary commissions, bonuses, and/or other earnings.

63. Defendants' violations of the FLSA have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and Collective Members.

64. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as tolled by equity or agreement of the parties.

65. As a result of Defendants' violations of the FLSA, Plaintiff and Collective Action Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

66. As a result of the unlawful acts of Defendants, Plaintiff and Collective Members have been deprived of overtime compensation and other wages in amounts to be determined by the Court, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
**(Overtime, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194, 1198)**
**Brought on Behalf of Plaintiff and Class Members**

67. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

68. California law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

69. Under California law, Plaintiff and Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

70. Throughout the relevant period, Plaintiff and Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.

71. Throughout the relevant period, Defendants failed and refused to pay Plaintiff and Class members overtime premium pay calculated based on an appropriate regular rate of pay inclusive of non-discretionary commissions, bonuses, and/or other earnings, for their overtime hours worked.

72. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class members have sustained damages, including loss of earnings for hours of overtime

worked on behalf of Defendants in an amount to be established at trial, interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203)**
**Brought on Behalf of Plaintiff and Class Members**

73. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

74. California Labor Code sections 201 and 202 requires Defendants to pay Plaintiff and Class Members all wages due within the time specified by law. California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

75. Plaintiff and Class Members are entitled to unpaid compensation from Defendants, but to date have not received such compensation.

76. More than thirty days have passed since Plaintiff and many Class Members left Defendants' employment.

77. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiff and Class Members are entitled to thirty days' wages under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
**(California Wage Provisions, Cal. Labor Code §§ 226(a), 226.3, & 1174(d))**
**Brought on Behalf of Plaintiff and Class Members**

78. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

79. The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 226, which provides requirements for properly itemized wage statements.

80. Defendants' wage statements do not clearly itemize hours worked, an hourly wage, overtime, or earnings in a way that Plaintiff and Class Members can readily identify whether they received all applicable pay for which they were eligible.

81. At all times relevant herein, Defendants failed to maintain records of hours worked by Plaintiff and Class Members as required under California Labor Code § 1174(d).

82. Plaintiff and Class Members seek the amounts provided under California Labor Code sections 226(e), 226.3, and 1174(d), as well as interest, costs, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
**(California Meal and Rest Period Provisions, Cal. Labor Code §§226.7 & 512; Cal. IWC Wage Order No. 4-2001)**
**Brought on Behalf of Plaintiff and Class Members**

83. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

84. Plaintiff and Class Member regularly worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code sections 226.7 and 512 and Wage Order No. 4.

85. In addition, Plaintiff and Class Members regularly worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by California Labor Code section 226.7 and Wage Order 4.

86. As a result of Defendants' failure to afford proper meal periods, they are liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation, calculated inclusive of non-discretionary commissions, bonuses, and/or other earnings, for each workday that the proper meal periods were not provided, pursuant to California Labor Code section 226.7 and Wage Order 4.

87. As a result of Defendants' failure to afford proper rest periods, they are liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code section 226.7 and Wage Order 4, interest, costs, and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Business Expenses, Cal. Labor Code § 2802; Cal. IWC Wage Order No. 4-2001)**
**Brought on Behalf of Plaintiff and Class Members**

88. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

89. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

90. Defendants failed to indemnify and reimburse Plaintiff and Class Members for necessary expenditures they incurred as a direct result of the duties they performed for their benefit and/or at their direction.

91. Wage Order 4 provides that "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

92. Defendants failed to provide and maintain tools and equipment that Plaintiff and Class Members required to perform their duties, including use of their personal mobile phones, computing equipment and home internet access.

93. As a result, Plaintiff and Class Members seek their unreimbursed expenses, penalties, interest, costs incurred, and attorneys' fees pursuant to California Labor Code § 2802(b) and Wage Order 4.

**SEVENTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**
**Brought on Behalf of Plaintiff and Class Members**

94. Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

95. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. Section 17200 of the California Business & Professions Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

96. Within the four years before the filing of this action, Defendants committed, and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the

acts and practices described herein. Defendants' conduct as herein alleged has injured Plaintiff and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and Class members.

97. Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

   a. Wage Order 4;
   b. California Labor Code § 2802;
   c. California Labor Code §§ 510, 1194, 1198;
   d. California Labor Code §§ 226, 353, and 1174;
   e. California Labor Code §§ 226.7, 512;
   f. California Labor Code § 2810.5;
   g. California Labor Code §§ 201, 202, 203, 226, 226.7, and 512.

98. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned above constitute a separate and independent violation of the UCL.

99. Defendants' conduct described herein violates the policy or spirit of such California laws or otherwise significantly threatens or harms competition.

100. Plaintiff and Class Members seek restitution of all expenses, overtime, and other wages owed, plus attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other putative Collective and Class members prays for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and that, at the earliest possible time, Plaintiff be authorized to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform Collective Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit by filing individual consent forms pursuant to 29 U.S.C. § 216(b), among other things;

B. Certification of the California claims in this action as a class action;

C. Designation of Plaintiff as representative of the putative Collective and Class, and counsel of record as Collective and Class Counsel;

D. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

E. Unpaid wages, penalties, and unreimbursed expenses pursuant to California wage and hour law;

F. Injunctive and declaratory relief;

G. Pre-judgment interest and post-judgment interest, as provided by law;

H. Attorneys' fees and costs of the action, including expert fees;

I. Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the putative Collective and Class; and

J. Such other relief as the Court deems just and proper.

Dated: November 13, 2023                    Respectfully submitted,

By: _____
Benjamin Galdston, Esq.

**OMNUM LAW APC**
4350 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 539-9767

**SHAVITZ LAW GROUP, P.A.**
Paolo C. Meireles
pmeirels@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Fax: (561) 447-8831

***Attorneys for Plaintiff, the FLSA Collective, and the California Class***

*Georgina Bautista v. WFG National Title Insurance Company and Williston Financial Group, LLC*

Collective and Class Action Complaint

# EXHIBIT A

**CONSENT TO JOIN FORM**

     1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), WFG Title and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

     3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Georgina "Gigi" Bsutista
_____
Print Name